Meyer, J.
(dissenting). During the original suppression hearing defendant’s attorney asked for specific findings as to whether the Trial Judge accepted the police officer’s version or defendant’s version of what took place when he was arrested. Several months later, after the Supreme Court decided Payton v New York (445 US 573), he moved to reargue and during the colloquy on that motion he suggested that the court “find more of the .circumstances of how the arrest was made and how entry was gained by the police officer” and posed the question “whether or not there was a consent to having him come into the house or whether or not he came in because of the authority of his badge.”
The Trial Judge refused to make findings on that issue because he ruled that Payton was not to be given retroactive effect. He granted defendant’s motion for reconsideration but adhered to his original denial of suppression, but did so not in the exercise of discretion but on the basis of an erroneous ruling on the law. I would, therefore, remit for the making of additional findings and, because the People were denied the opportunity to put in opposing evidence by the retroactivity ruling, for the taking of additional evidence as well.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Simons concur; Judge Meyer dissents and votes to reverse in a separate memorandum in which Judge Fuchs-berg concurs.
Order affirmed, in a memorandum.